UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:14-cv-21285-FAM

VANESSA MILITANO, an individual,

       Plaintiff,

v.

RANDSTAD PROFESSIONALS US, LP,
a Delaware Corporation,

       Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant, RANDSTAD PROFESSIONALS US, LP ("Defendant"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiff, VANESSA MILITANO ("Plaintiff"), in the above-styled action, and states as follows:

### ANSWER

### Answer to Parties, Jurisdiction and Venue

1. Defendant admits that Plaintiff purports to bring this action pursuant to Title I of the Americans with Disabilities Act of 1990 (the "ADA"), the Florida Civil Rights Act of 1992 (the "FCRA"), Fla. Stat. § 448.08, and Fla. Stat. § 540.08, but denies that Plaintiff has any right to maintain this action and denies that Plaintiff is entitled to any recovery based upon the foregoing.

2. Defendant admits the allegations set forth in Paragraph 2 of the Amended Complaint.

3. Defendant admits the allegations set forth in Paragraph 3 of the Amended Complaint.

4. Defendant admits for venue purposes only the allegations set forth in Paragraph 4 of the Amended Complaint, but denies that Defendant committed any acts against Plaintiff that would give rise to liability.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Amended Complaint, and therefore, denies said allegations.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Amended Complaint, and therefore, denies said allegations.

## Answer to Factual Allegations

7. Defendant denies that Plaintiff was employed with Defendant in October 2010, but rather states that she was employed in November 2010 until October 2013. Defendant admits the remaining allegations set forth in Paragraph 7 of the Amended Complaint.

8. Defendant admits the allegations set forth in Paragraph 8 of the Amended Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of the Amended Complaint, but admits that individual recruiters receive a commission based upon a percentage of the fees Defendant receives for a placement.

10. Defendant denies the allegations set forth in Paragraph 10 of the Amended Complaint, but admits that Plaintiff's compensation is solely commission-based.

11. Defendant admits the allegations set forth in Paragraph 11 of the Amended

Complaint, and further states that being able to work well with one's colleagues is an important quality Defendant values in its workforce.

Answer to Militano's Achievements at Randstad

12. Defendant admits that Plaintiff was invited to the "President's Club" retreat in 2013 and that Plaintiff was asked to speak to new employees at company "boot camp" events. Defendant denies the remaining allegations set forth in Paragraph 12 of the Amended Complaint.

Answer to Harassment and Bullying at Randstad From Co-Workers

13. Defendant denies that Jonathan Leeds ("Leeds") became Plaintiff's supervisor in January 2012, but rather states that Leeds became supervisor of Defendant's Miami office on or about September 19, 2011.

14. Defendant denies that Liz Ramos ("Ramos"), a Senior Recruiter, was transferred to Defendant's Miami office in early 2012, but rather states that Ramos was transferred to the Miami office on or about February 11, 2011. Defendant denies the remaining allegations set forth in Paragraph 14 of the Amended Complaint.

15. Defendant admits that it is Defendant's policy that employees who believe they have been the subject of discrimination must contact the Human Resources Department. Defendant denies the remaining allegations and inferences set forth in Paragraph 14 of the Amended Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Amended Complaint.

17. Defendant denies allegations set forth in Paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of the Amended Complaint.

### Answer to Militano's Mental Health Condition

19. Defendant denies the allegations set forth in Paragraph 19 of the Amended Complaint, but is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the status of Plaintiff's mental health condition, and therefore, denies said allegations.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Amended Complaint, and therefore, denies said allegations.

21. Defendant denies the allegations set forth in Paragraph 21 of the Amended Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Amended Complaint.

### Answer to Leeds Becomes Abusive

23. Defendant denies the allegations set forth in Paragraph 23 of the Amended Complaint.

24. Defendant admits that Plaintiff contacted Leeds and Macon Albertson regarding a Practice Director position, but denies the remaining allegations set forth in Paragraph 24 of the Amended Complaint.

25. Defendant admits that Leeds coordinated a meeting on or about October 10, 2013. Defendant denies the remaining allegations set forth in Paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Amended Complaint, but admits that the conference room in the office is made of clear glass.

Answer to Militano Engages in Protected Activity

28. Defendant admits the allegations set forth in Paragraph 28 of the Amended Complaint.

29. Defendant admits that Plaintiff spoke to Tina Freitas about allegations of harassment. Defendant denies the remaining allegations set forth in Paragraph 29 of the Amended Complaint.

30. Defendant admits the allegations set forth in Paragraph 30 of the Amended Complaint.

31. Defendant admits the allegations set forth in Paragraph 31 of the Amended Complaint to the extent that the access was shut down by the IT Department, but states that the access was restored immediately upon notification of same. Defendant denies the remaining allegations set forth in Paragraph 31 of the Amended Complaint.

32. Defendant admits that Plaintiff had her remote access restored immediately. Defendant denies the remaining allegations set forth in Paragraph 32 of the Amended Complaint.

33. Defendant admits that Ms. Freitas spoke with Plaintiff and advised her of the results of her investigation into Plaintiff's complaint to Human Resources. Defendant denies the remaining allegations set forth in Paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Amended Complaint.

36. Defendant admits that Leeds and Freitas provided Plaintiff with work guidelines. Defendant denies the remaining allegations set forth in Paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Amended Complaint.

38. Defendant admits that Plaintiff contacted Human Resources alleging acts of retaliation. Defendant denies the remaining allegations set forth in Paragraph 38 of the Amended Complaint.

39. Defendant admits that Plaintiff was offered a severance package. Defendant denies the remaining allegations set forth in Paragraph 39 of the Amended Complaint.

40. Defendant admits the allegations set forth in Paragraph 40 of the Amended Complaint.

Answer to Unpaid Wages

41. Defendant denies the allegations set forth in Paragraph 41 of the Amended Complaint.

42. Defendant admits that it has a policy regarding commission payments to its recruiters. Defendant denies the remaining allegations set forth in Paragraph 42 of the Amended Complaint.

**Answer to Count I – ADA-Disability/Perceived Disability Discrimination**

43. Defendant re-alleges and incorporates by reference its answers to Paragraphs 1 through 42 of the Amended Complaint, as if fully restated herein.

44. Defendant denies the allegations set forth in Paragraph 44 of the Amended

Complaint.

45. Defendant states that Paragraph 45 of the Amended Complaint is a legal conclusion that does not lend itself to a response. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations regarding whether Plaintiff has a "disability" as defined under the ADA, and therefore, denies said allegations.

46. Defendant denies the allegations set forth in Paragraph 46 of the Amended Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to recover any of the relief requested in the unnumbered "WHEREFORE" clause following Count I of the Amended Complaint.

### Answer to Count II – FCRA-Handicap Discrimination

50. Defendant re-alleges and incorporates by reference its answers to Paragraphs 1 through 42 of the Amended Complaint, as if fully restated herein.

51. Defendant denies the allegations set forth in Paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Amended Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Amended Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to recover any of the relief requested in the unnumbered "WHEREFORE" clause following Count II of the Amended Complaint.

### Answer to Count III – ADA-Retaliation

56. Defendant re-alleges and incorporates by reference its answers to Paragraphs 1 through 42 of the Amended Complaint, as if fully restated herein.

57. Defendant states that Paragraph 57 of the Amended Complaint is a legal conclusion that does not lend itself to a response. To the extent a response is required, Defendant admits that Plaintiff contacted Human Resources and filed a Charge of Discrimination. Defendant denies the remaining allegations set forth in Paragraph 57 of the Amended Complaint.

58. Defendant states that Paragraph 58 of the Amended Complaint is a legal conclusion that does not lend itself to a response. To the extent a response is required, Defendant admits that Leeds was aware Plaintiff contacted Human Resources, but denies the remaining allegations set forth in Paragraph 58 of the Amended Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of the Amended Complaint, including subparts a through d thereunder.

60. Defendant denies the allegations set forth in Paragraph 60 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to recover any of the relief requested in the unnumbered "WHEREFORE" clause following Count III of the Amended Complaint.

### Answer to Count IV – FCRA-Retaliation

61. Defendant re-alleges and incorporates by reference its answers to Paragraphs 1 through 42 of the Amended Complaint, as if fully restated herein.

62. Defendant states that Paragraph 62 of the Amended Complaint is a legal conclusion that does not lend itself to a response. To the extent a response is required, Defendant admits that Plaintiff contacted Human Resources and filed a Charge of Discrimination. Defendant denies the remaining allegations set forth in Paragraph 62 of the Amended Complaint.

63. Defendant states that Paragraph 63 of the Amended Complaint is a legal conclusion that does not lend itself to a response. To the extent a response is required, Defendant admits that Leeds was aware Plaintiff contacted Human Resources, but denies the remaining allegations set forth in Paragraph 63 of the Amended Complaint.

64. Defendant denies the allegations set forth in Paragraph 64 of the Amended Complaint including subparts a through d thereunder.

65. Defendant denies the allegations set forth in Paragraph 65 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to recover any of the relief requested in the unnumbered "WHEREFORE" clause following Count IV of the Amended Complaint.

**Answer to Count V – Unpaid Wages Pursuant to Fla. Stat. § 448.08**

66. Defendant re-alleges and incorporates by reference its answers to Paragraphs 1 through 42 of the Amended Complaint, as if fully restated herein.

67. Defendant denies the allegations set forth in Paragraph 67 of the Amended Complaint.

68. Defendant states Paragraph 68 is a legal conclusion that does not lend itself to a response. To the extent a response is required, Defendant states that the statute speaks for itself.

Defendant denies that Plaintiff is entitled to recover any of the relief requested in the unnumbered "WHEREFORE" clause following Count V of the Amended Complaint.

**Answer to Count VI – Invasion of Privacy-Misappropriation of Plaintiff's Likeness**

69. Defendant re-alleges and incorporates by reference its answers to Paragraphs 1 through 42 of the Amended Complaint, as if fully restated herein.

70. Defendant admits that a single job placement made in October 2013 was in progress, but the candidate failed to last the guaranteed period, and thus no commission was due to be paid to Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 70 of the Amended Complaint.

71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Amended Complaint, and therefore, denies said allegations.

72. Defendant denies the allegations set forth in Paragraph 72 of the Amended Complaint.

73. Defendant denies the allegations set forth in Paragraph 73 of the Amended Complaint.

74. Defendant denies the allegations set forth in Paragraph 74 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to recover any of the relief requested in the unnumbered "WHEREFORE" clause following Count VI of the Amended Complaint.

### Answer to Jury Demand

Defendant admits that Plaintiff seeks a trial by jury, but Defendant denies that there are any issues so triable.

### General Denial

Defendant denies all allegations and inferences not expressly admitted herein.

### AFFIRMATIVE DEFENSES

Without admitting liability or the burden of proof as to any of Plaintiff's allegations, Defendant states as its affirmative defenses the following:

### First Affirmative Defense

Defendant asserts that it had legitimate, non-discriminatory and non-retaliatory reasons for the employment decisions, which Plaintiff cannot show were a pretext for unlawful discrimination based upon any protected category.

### Second Affirmative Defense

Defendant assert that it would have made the same employment decisions with respect to Plaintiff in the absence of any alleged impermissible, motivating factor or any alleged improper motive. As such, Defendant raises a mixed motive defense.

### Third Affirmative Defense

Defendant asserts that it has made good-faith efforts to prevent discrimination in the workplace, and thus, cannot be liable for the decision of its agents, or for punitive damages, to

the extent the challenged employment decisions were contrary to its efforts to comply with anti-discrimination and anti-harassment statutes.

### Fourth Affirmative Defense

To the extent that Defendant discovers evidence of wrongdoing by Plaintiff, Defendant hereby invokes the after-acquired evidence rule to preclude an award of reinstatement or front pay/back pay past the time at which the Defendant discovers the new evidence.

### Fifth Affirmative Defense

Defendants assert that Plaintiff's damages, if any, must be reduced, in whole or in part, because of Plaintiff's failure to mitigate damages and, further, that any interim earnings or amounts earnable with due diligence by Plaintiff reduces any entitlement to back pay.

### Sixth Affirmative Defense

Defendant asserts that it is not liable for any alleged wrongful actions taken by its employees that were taken outside the scope and course of their duties and were not authorized, condoned, or ratified by Defendant.

### Seventh Affirmative Defense

Defendant asserts that to the extent Plaintiff complained of any alleged unlawful conduct, Defendant took prompt remedial action.

### Eighth Affirmative Defense

Defendant asserts that Plaintiff's claims are limited in scope by her charge of discrimination filed with the Equal Employment Opportunity Commission/Florida Commission on Human Relations, and any claims beyond the scope of such charge are barred.

### Ninth Affirmative Defense

Defendant asserts that Plaintiff cannot state a claim under the ADA or FCRA for disability discrimination because Defendant neither knew Plaintiff had an "actual" disability, nor

"regarded" Plaintiff as having a disability.  Furthermore, Plaintiff never requested any accommodation from Defendant for her alleged disability.  As such, Defendant was not aware that Plaintiff was allegedly a person with a disability (as defined under the ADA and FCRA) during her employment.

### Tenth Affirmative Defense

Defendant asserts that Plaintiff's interim earnings or amounts she could have earned with reasonable diligence should reduce any back pay otherwise recoverable by Plaintiff.  In addition, such sums may also set-off and reduce other claims for damages alleged by Plaintiff.

### Eleventh Affirmative Defense

Defendant asserts that in the event of an adverse judgment, Plaintiff is not entitled to recovery of multiple damages based upon a common nucleus of operative facts.

### Twelfth Affirmative Defense

Plaintiff is not entitled to recover punitive damages against Defendant because Defendant did not intentionally discriminate against Plaintiff, and did not act with malice or reckless indifference to Plaintiff's protected rights.

### Thirteenth Affirmative Defense

Defendant asserts that in the event of an adverse judgment, any award of compensatory and punitive damages combined are limited to the statutory caps under the ADA and the FCRA.

### Reservation of Rights

Defendant reserves the right to raise any additional affirmative defenses as discovery may reveal.

WHEREFORE, having answered the Amended Complaint and raised affirmative defenses thereto, Defendant hereby requests: (1) that Plaintiff take nothing by reason of the Amended Complaint, and that the same be dismissed *with prejudice* on the merits; (2) that

Defendant be awarded judgment in its favor against Plaintiff; and (3) that Defendant be granted such further and other relief as the Court deems just and proper.

Dated:  April 17, 2014                          Respectfully submitted,

                                             By:/s/ Arlene K. Kline
                                                   ARLENE K. KLINE
                                                   Florida Bar No.: 104957
                                                   arlene.kline@akerman.com
                                                   SHAYLA N. WALDON
                                                   Florida Bar No.: 105626
                                                   shayla.waldon@akerman.com
                                                   AKERMAN LLP
                                                   222 Lakeview Avenue, 4th Floor
                                                   West Palm Beach, FL, 33401
                                                   Main: (561) 653-5000
                                                   Fax: (561) 659-6313

                                                   *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 17, 2014, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the service list below in the manner specified.

By: /s/ Arlene K. Kline
ARLENE K. KLINE
Florida Bar No.: 104957

## SERVICE LIST

Spencer H. Silverglate
ssilverglate@cspalaw.com
Francisco Ramos, Jr.
framos@cspalaw.com
Craig Salner
csalner@cspalaw.com
CLARKE SILVERGLATE P.A.
799 Brickell Plaza, Suite 900
Miami, FL 33131
Tel: 305-377-0700
Fax: 305-377-7001

*Via CM/ECF*